COVINGTON, Judge.
In this probate action, the appellant, Jacqueline Hoyt, challenges an order de *1255 nying her motion for attorney’s fees. We reverse.
Mrs. Hoyt is a widow. Her husband, Milton E. Hoyt, the decedent, passed away in 1994. Jeffrey Hoyt, the decedent’s son from a previous marriage, was appointed personal representative of the decedent’s probate estate.
In 1995, Mrs. Hoyt petitioned the estate for a lump-sum family allowance of $6000 pursuant to section 732.403, Florida Statutes (1995). Jeffrey Hoyt opposed the request. After a hearing in February 1997, however, the probate court determined that Mrs. Hoyt was entitled to a lump-sum family allowance of $6000. By written order, the probate court declared the allowance reasonable and immediately payable from the decedent’s estate.
Jeffrey Hoyt, in his capacity as personal representative, failed to pay Mrs. Hoyt’s family allowance. In April and June 1998, respectively, Mrs. Hoyt filed motions to compel payment. By written order dated September 11, 1998, the probate court again ordered Jeffrey Hoyt to pay Mrs. Hoyt her family allowance. Rather than a lump-sum payment as originally ordered, however, the family allowance was to be paid in six monthly installments of $1000 each.
Subsequently, Mrs. Hoyt filed a motion for attorney’s fees. She claimed entitlement to fees for those actions of her legal counsel that resulted in a benefit to the decedent’s estate. At the ensuing hearing on the fee motion, Mrs. Hoyt argued, among other things, that she was entitled to fees for the effort her attorney expended in obtaining her family allowance. The probate court disagreed and, on June 7, 2000, entered an order denying Mrs. Hoyt’s motion for fees.
On this timely appeal, Mrs. Hoyt contends the probate court erred in denying her fee motion with respect to the time her attorney spent securing her family allowance. She argues that, pursuant to In re DuVal Estate, 174 So.2d 580, 587 (Fla. 2d DCA 1965), her attorney’s efforts benefit-ted the decedent’s estate by requiring a recalcitrant personal representative to perform his duties. She also argues that equity will be served by a fee award. Otherwise, the purpose of the family allowance will be diminished, if not completely defeated, if she is to bear the burden of paying attorney’s fees in this instance. In support of this latter argument, Mrs. Hoyt cites Bitterman v. Bitterman, 714 So.2d 356, 365 (Fla.1998), which approved attorney’s fees in a probate case, based on the “inequitable conduct doctrine.”
We agree with the foregoing arguments. The order denying attorney’s fees is therefore reversed pursuant to In re DuVal and Bitterman. This cause is remanded for further proceedings consistent with this opinion.
Reversed and remanded.
FULMER and SALCINES, JJ., Concur.